

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2006

# Todaro v. Richman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4371

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Todaro v. Richman" (2006). *2006 Decisions.* Paper 1447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4371

———————

FRANK S. TODARO,

Appellant

v.


ESTELLE RICHMAN, Secretary, Executive Office,
COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE;
DANIEL RICHARD, Director, PA STATE COLLECTIONS & DISBURSEMENT UNIT
and BUREAU OF CHILD SUPPORT ENFORCEMENT, a Commonwealth Agency;
LYNN F. SHEFFER, Comptroller, PUBLIC HEALTH AND HUMAN SERVICES, a
Commonwealth Agency; PATRICK QUINN, Administrator, ALLEGHENY COUNTY
FAMILY DIVISION; MARY ANN BACH, Hearing Officer,
ALLEGHENY COUNTY FAMILY COURT DIVISION; DONALD JERICH, IV-D
Solicitor, ALLEGHENY COUNTY LAW DEPARTMENT

———————————————————————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00274)
District Judge:  Honorable Thomas M. Hardiman

———————————————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
MARCH 13, 2006

Before:    SLOVITER, SMITH AND VAN ANTWERPEN,  Circuit Judges.

(Filed: March 13, 2006)

---

### OPINION

---

PER CURIAM

Appellant Frank Todaro filed a complaint under the Racketeer Influenced Corrupt Organization Act (RICO) civil enforcement provision, 18 U.S.C. § 1964(c), against the directors of Pennsylvania's Department of Public Welfare, State Collections & Disbursement Unit and Bureau of Child Support Enforcement, and Public Health and Human Services, as well as three employees of the Court of Common Pleas of Allegheny County. He alleges that the Appellees, working jointly as part of the Commonwealth's agencies dealing with child welfare, are leaders of an enterprise that seeks to extort money through overcharging child-support debtors by committing mail, wire, and financial institution fraud in violation of §§ 1961(1)(B), 1962(c). Specifically, Todaro claims that the Appellees used the mail, courts, and other means to create and conceal fraudulent earning totals, which were then used to compute an improperly high level of child-support payments. He seeks monetary damages from each Appellee in his or her individual capacity. The District Court dismissed the complaint for failure to state a claim among numerous other reasons. For the reasons that follow, we will affirm.[1]

---

[1]  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review. See Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002).

2

To establish a RICO violation, Todaro must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity [or the collection of unlawful debt]." Lum .v Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). Because Todaro relies on fraudulent conduct to form the basis of the RICO violations, under Federal Rule of Civil Procedure 9(b), the violation must be pled with particularity. Id. Todaro failed to do so.

We have held that to satisfy Rule 9(b), plaintiffs must allege the "precise misconduct" with which the defendants are charged. Id. at 224. "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Id. Todaro expends significant time citing cases which exhibit conduct establishing patterns of fraudulent activities, but does not set forth precisely the alleged fraudulent conduct engaged in by the Appellees. He does allege that Family Court Hearing Officer Mary Ann Bach falsified Todaro's income, but while this might constitute fraudulent conduct, Todaro does not allege to whom or when this specific information was mailed or transmitted. Further, as alleged, the activity cannot constitute a pattern. See H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 238-39 (1989) (requiring a minimum of two predicate acts). It is simply unclear, beyond the more general allegations of system wide inadequacies, what specific actions the Appellees took or authorized which could constitute fraudulent behavior.

For the foregoing reasons, we will affirm the District Court's order dismissing the complaint for failure to state a claim.

3